UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARTIN AKERMAN,

        Plaintiff,

v.

        Case No. 24-cv-0152-bhl

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

        Defendant.

## SCREENING ORDER

On February 5, 2024, Martin Akerman, proceeding *pro se*, filed a complaint against Northwestern Mutual Life Insurance Company (Northwestern Mutual) alleging breach of his life insurance policy. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Akerman reports that he is unmarried and unemployed, with no income in the last twelve months. (ECF No. 2 at 1–2.) He reports monthly expenses totaling $4360, including $1110 in child-support for his minor daughter. (*Id.*) For assets, he lists $5000 in cash or accounts, a 2017 BMW X3 worth approximately $14,000, and $120,000 in retirement accounts. (*Id.* at 3–4.) Akerman also indicates he is on Medicaid and awaiting Social Security Disability Insurance (SSDI). He further claims he has student loans (but doesn't list a monthly loan payment) and that he is "close to not being able to pay child support." (*Id.* at 4.)

On these facts, the Court cannot find Akerman indigent. While the Court is sympathetic to his lack of income, Akerman lists assets that are sufficient to facilitate payment of the $405 civil filing fee, including liquid assets of $5000. While a plaintiff need not show that he is totally

destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Akerman's assets preclude his inclusion in that group of litigants. He is in significantly better financial condition than many if not most litigants in this Court.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Akerman alleges that he has held a life insurance policy with Northwestern Mutual since 2010. (ECF No. 1 at 2.) Though he does not provide a copy of the policy, Akerman alleges that

it includes a disability waiver for premium payments. (*See id.*) He alleges that, since October 5, 2022, Northwestern Mutual has denied his waiver claim for Post-Traumatic Stress Disorder (PTSD) in violation of the policy's terms. (*Id.*) He attaches two billing statements showing he owed a total of $436.63 on November 17, 2023, for "Level Term 20" and "65 Life" plans. (ECF No. 1-1.)

Akerman requests that the Court enforce the disability waiver provision of his life insurance policy and enjoin Northwestern Mutual from terminating the policy or otherwise breaching its terms. (ECF No. 1 at 2, 4.) He also requests reimbursement for premiums paid since the October 5, 2022 onset of his disability and compensation for "financial and emotional distress caused." (*Id.* at 4.) Akerman asserts that the Court has diversity jurisdiction over his state law claims. (*See id.*). He alleges that he is a citizen of Virginia and Northwestern Mutual a citizen of Wisconsin. (*Id.* at 1–2.) He also alleges that $350,000 is at stake in this case, not counting interest and costs. (*Id.* at 4.)

**ANALYSIS**

As an initial matter, the Court must verify that it has subject-matter jurisdiction over this case. Congress vested federal district courts with diversity jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Akerman alleges that he is a citizen of Virginia and Northwestern Mutual a citizen of Wisconsin, satisfying the diversity requirement. He further alleges that $350,000 is at stake in this case. While the Court is unclear on how Akerman arrives at the figure he claims is in dispute, it cannot say "to a legal certainty" that Akerman cannot recover more than $75,000. *See Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). That is enough to establish the Court's diversity jurisdiction over this case, at least at the screening stage.

Moving on to the substance of his complaint, Akerman's allegations against Northwestern Mutual plausibly state a claim for breach of contract. He alleges that Northwestern Mutual breached a contract for life insurance with him by refusing to "honor the disability waiver" contained in the contract and denying him a waiver of his premium payments following his development of PTSD. (ECF No. 1 at 2.) That is a "short and plain statement of the claim" sufficient to survive screening. *See Twombly*, 550 U.S. at 570.

Accordingly,

**IT IS HEREBY ORDERED** that Akerman's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**. Akerman is ordered to pay the full filing fee within 21 days of the date of this order, or this case will be dismissed.

Dated at Milwaukee, Wisconsin on February 9, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge