UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARTIN AKERMAN,

          Plaintiff,

    v.                                                  Case No. 24-cv-0152-bhl

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

          Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

       The Court has twice denied Plaintiff Martin Akerman leave to proceed without payment of the filing fee, or *in forma pauperis* (IFP). First, the Court concluded that Akerman was not indigent based on the sworn statement of assets he signed and filed along with his initial motion to proceed IFP. (*See* ECF Nos. 2 & 4.) Akerman appealed that denial and asked the Court to grant him leave to pursue his appeal IFP. (ECF Nos. 7 & 12.) In a March 7, 2024 order, the Court denied Akerman leave to appeal IFP, certifying that his appeal was not taken in good faith. (ECF No. 13.) The Court so concluded because (1) Akerman had provided no convincing evidence contrary to the Court's finding that he was not indigent based on the assets he listed, under penalty of perjury, in his initial IFP motion; and (2) Akerman declared assets in his second IFP motion that varied significantly from the first, despite the motions being dated only four weeks apart. (*Id.*) Undaunted, Akerman filed another motion asking the Court to reconsider its denial of his motion for leave to appeal IFP. (ECF No. 14.) Because Akerman has provided no adequate grounds for reconsideration, his latest motion will also be denied.

       "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). Akerman's motion does not aim to establish any of these limited grounds for reconsideration. Instead, he focuses on public policy arguments that

are inapplicable to a motion for reconsideration and asks the Court to reconsider its decision without identifying any additional facts or new legal authority that might support his request.

Akerman argues that the Court's "[d]enial of IFP status effectively precludes [him] from pursuing an appeal, thereby denying him the opportunity to seek justice through the appellate process." (ECF No. 14 at 3.) This assertion is incorrect, irrespective of Akerman's indigency. Rule 24(a)(5) of the Federal Rules of Appellate Procedure explicitly authorizes Akerman to file a motion to appeal IFP with the Seventh Circuit within 30 days following this Court's March 7, 2024 denial of his motion. Moreover, if the case were dismissed for failure to pay the filing fee, Akerman would be free to appeal that dismissal order and raise any issues he has with the Court's denial of his IFP motion.

Accordingly,

**IT IS HEREBY ORDERED** that Martin Akerman's Motion for Reconsideration, ECF No. 14, is **DENIED**.

Dated at Milwaukee, Wisconsin on April 2, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge