UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARTIN AKERMAN,

        Plaintiff,

        v.                                            Case No. 24-cv-0152-bhl

NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY,

        Defendant.

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

        On February 5, 2024, Plaintiff Martin Akerman, proceeding *pro se*, filed a complaint alleging that Defendant Northwestern Mutual Life Insurance Company breached the terms of his life insurance policy when it denied his claim for a disability waiver of his premium payments. (ECF No. 1.) On August 13, 2024, Akerman filed a motion for a preliminary injunction, asking the Court "to prevent the Defendant from terminating or otherwise altering the terms of the Plaintiff's life insurance policy during the pendency of this litigation." (ECF No. 22.) Northwestern Mutual opposes the motion on grounds that Akerman provides only conclusory allegations in support of his motion, that a preliminary injunction is not necessary to prevent irreparable harm, and that Akerman has not demonstrated that his claims are likely to succeed. (ECF No. 40.) Because the Court agrees that Akerman has not shown he is entitled to the extraordinary remedy of a preliminary injunction, his motion will be denied.

        "A preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (internal quotation marks and citations omitted); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). A district court considers four factors in weighing whether to enter a preliminary injunction. As the Supreme Court has explained, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. If the plaintiff cannot establish both a likelihood of success on the merits and that he will suffer irreparable harm absent the injunction, "then the district court's analysis ends and the preliminary injunction should not be issued." *Adams v. City of Chicago*, 135 F.3d 1150, 1154 (7th Cir. 1998) (citing *Abbott Lab'ys v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)). Akerman's motion will be denied because he has not established either of the first two requirements; he has not shown that he is likely to succeed on the merits or that he is likely to suffer irreparable harm in the absence of preliminary relief.

As to the likelihood of success on the merits, Akerman is required to support his motion with a "strong showing" that he is likely to succeed on his claim. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). He has not done so. Akerman's motion contains only a single paragraph on this factor and that one paragraph does little more than restate the allegations of his complaint. (*See* ECF No. 22 at 2.) Akerman contends "that the Defendant breached a contractual obligation by refusing to honor a disability waiver provision, which the Plaintiff believes is a clear violation of the policy terms." (*Id.*) And he argues that he "has provided sufficient evidence to support this claim, including billing statements and documentation of the policy terms." (*Id.*) This is not sufficient to show that Akerman has any likelihood of success.

A strong showing on this element "normally includes a demonstration of how the applicant proposed to prove the key elements of [his] case." *Pritzker*, 973 F.3d at 763. But the only evidence Akerman offers are billing statements and "documentation of the policy terms." (ECF No. 22 at 2.) Akerman has not even provided a copy of his policy. The materials he has furnished only establish, at best, that he once had a life insurance policy with Northwestern Mutual that may have contained certain provisions. Moreover, he has provided no evidence confirming that Northwestern Mutual actually *breached* any policy he had with the company when it denied his disability premium waiver request. (ECF No. 1 at 2.) While Akerman claims he has PTSD, he has not provided the Court with any evidence to support that assertion. "[A]lleging sufficient facts to proceed past screening is not the same [as] showing that one has enough evidence that one is likely to succeed on the merits." *Durley v. Moore*, No. 20-cv-1889-pp, 2021 WL 2982190, at *2 (E.D. Wis. July 15, 2021). Because Akerman has not provided any evidence to support his

allegation that Northwestern Mutual breached the terms of his life insurance policy, he has not established a likelihood of success on the merits of his claim.

Akerman's motion must also be denied because he has not established that he has no adequate remedy at law and is likely to suffer irreparable harm absent preliminary relief. As to this factor, Akerman argues that "[t]ermination of the policy would cause the Plaintiff significant financial and personal hardship, including the potential loss of essential life insurance coverage." (ECF No. 22 at 3.) But financial hardship is not irreparable harm. To prove this element, Akerman must show that traditional legal remedies, such as monetary damages, would be inadequate. *See Roland Mach. Co. v. Dress Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). "The question is then whether the plaintiff will be made whole if he prevails on the merits and is awarded damages." *Id.* Because a plaintiff who seeks monetary damages can usually be made whole with damages if he prevails, such plaintiffs cannot, as a general matter, show irreparable harm sufficient to support entry of a preliminary injunction. *See D.U. v. Rhoades*, 825 F.3d 331, 339 (7th Cir. 2016). While there are exceptions to this rule, Akerman's vague assertions of hardship are not enough. He does not explain how his alleged financial hardship or the temporary loss of coverage from a monetary life insurance policy cannot be set right by an award of damages if he ultimately prevails in this suit. Nor does he explain what "personal hardship" he will suffer absent preliminary relief. Accordingly, he has not established that he is likely to suffer irreparable harm absent preliminary relief.

Because Akerman has not established either a likelihood of success on the merits or that he is likely to suffer irreparable harm, the Court will deny his motion for preliminary injunction without reaching the balance of equities or public interest factors. *See Adams*, 135 F.3d at 1154.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff Martin Akerman's Motion for Preliminary Injunction, ECF No. 22, is **DENIED**.

Dated at Milwaukee, Wisconsin on November 7, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge