UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARTIN AKERMAN,

          Plaintiff,

    v.                                                                       Case No. 24-cv-0152-bhl

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

          Defendant.

## ORDER DENYING PLAINTIFF'S MOTION

        In this lawsuit, Plaintiff Martin Akerman, proceeding *pro se*, alleges that Defendant Northwestern Mutual Life Insurance Company breached the terms of his life insurance policy when it denied his claim for a disability waiver of his premium payments. (ECF No. 1.) On January 3, 2025, Akerman filed a motion renewing his prior requests that he be granted electronic filing privileges even though he is *pro se* and that the Court "fix" the docket. (ECF No. 78.) Akerman also asks the Court to clarify the scope of discovery, given that the parties submitted competing Rule 26(f) reports prior to the Court's entry of a scheduling order. (*Id*.) The Court will respond to each request in turn. The Court also warns Akerman to focus on the merits of his claims and to avoid cluttering the docket with unnecessary filings.

        As the Court has already twice explained to Akerman, *pro se* parties are not granted electronic filing privileges absent extraordinary circumstances. (ECF Nos. 21 & 35.) The Clerk and her staff are busy carrying out their responsibilities and do not have time to guide *pro se* litigants in the often complicated task of complying with the District's Electronic Case Filing Policies and Procedures. This Court does not grant self-represented parties leave to file electronically absent extraordinary circumstances. *See Hobbs v. Willis*, No. 22-cv-467-pp, 2022 WL 1692062, at *1 (E.D. Wis. May 26, 2022). Akerman has still not established extraordinary circumstances and his request is denied.

        The Court has also previously explained to Akerman that his allegations of "inaccuracies in the docket" are without merit. (ECF No. 49.) The Clerk has not made any material errors in docketing the parties' filings. Akerman should focus on taking discovery and proving his claims

rather than distracting himself and the Court with allegations about docketing errors that, even if true, do not affect the substance of his claims. The Court will not waste further time on the issue.

Finally, Akerman's request for clarification of the scope of discovery is also misplaced. The scope of discovery is governed by Federal Rule of Procedure 26(b)(1). Neither party's Rule 26(f) report "governs" discovery. The Court entered a Scheduling Order after reviewing both sides' reports and after conducting a telephonic scheduling conference at which both Akerman and Counsel for the Defendant appeared and participated. Akerman's request for "clarification" is unnecessary and denied.

The Court warns Akerman that he should think twice before filing further motions and make sure that his filing is necessary and relevant. This is a fairly straightforward breach of contract case. It has not been helped by Akerman's filing of numerous documents, motions, and requests. (*See* ECF Nos. 7, 11, 12, 14, 20, 31, 34, 48, 52, 54, 55, 56, 62–68.) These unnecessary filings affect the Court's ability to ensure "the just, speedy, and inexpensive determination" of this matter. *See* Fed. R. Civ. P. 1. The Court has twice cautioned Akerman not to clutter the docket with unnecessary filings, (ECF Nos. 49 & 61), but its warnings have gone unheeded. If this latest warning is ignored the Court may be forced to impose sanctions. *See United States ex rel Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."); *see also Omegbu v. Milwaukee County*, No. 05-C-596, 2008 WL 220342 (E.D. Wis. Jan. 25, 2008) (warning *pro se* plaintiff that continued repetitive filings "may result in the imposition of sanctions, up to an including dismissal of this action with prejudice").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Permission to File Electronically, Clarification of Scope, and Resolution of Verbal Motion to Fix the Docket, ECF No. 78, is **DENIED**.

Dated at Milwaukee, Wisconsin on January 16, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge