UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARTIN AKERMAN,

        Plaintiff,

                                      Case No. 24-cv-0152-bhl

v.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

        Defendant.

## ORDER DENYING PLAINTIFF'S MOTIONS

In this lawsuit, Plaintiff Martin Akerman, proceeding *pro se*, alleges that Defendant Northwestern Mutual Life Insurance Company breached the terms of his life insurance policy when it denied his claim for a disability waiver of his premium payments. (ECF No. 1.) On March 24, 2025, Akerman filed a motion to quash or modify a subpoena issued by Northwestern Mutual to third-party Diné Development Corporation (Diné), Akerman's former employer. (ECF No. 93) The same day, he also filed a motion to stay discovery pending the outcome of his appeal before the Seventh Circuit of this Court's denial of his motion for preliminary injunction. (ECF No. 94.) The Court will deny both of Akerman's latest motions.

Akerman asks the Court to quash or modify a subpoena issued by Northwestern Mutual to non-party Diné seeking information about Akerman's employment with Diné, including his personnel file, any disability claims he made, and communications relating to his hiring and firing. (ECF No. 94-1 at 7.) Akerman argues that the subpoena is overbroad and seeks irrelevant information. (ECF No. 93 at 1.) Akerman also argues that Northwestern Mutual seeks privileged information about his security clearance. (*Id.* at 5.) Generally, a party does not have standing to quash a subpoena directed to a non-party. *ExeGi Pharma LLC v. Brookfield Pharms. LLC*, No. 20-CV-192-JPS, 2022 WL 20690784, at *3 (E.D. Wis. May 5, 2022) (citing *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013)). There are some exceptions to the general rule, but objections to relevance or burden generally must be raised by the subpoena's recipient. (*Id.*)

The objections in Akerman's motion are rejected. According to the motion, Northwestern Mutual seeks private information concerning Akerman's employment history with Diné. This

information is relevant because Akerman has put his employment history at issue in this case. His claims stem from Northwestern Mutual's denial of his request for a disability waiver of his life insurance premiums, which requires that he is unable to "engag[e] in an occupation. (*See* ECF No. 93-1 at 2.) Akerman's employment records from Diné, his employer *after* he claims onset of disability, (*see* ECF No. 94 ¶3), are thus relevant to his claims. Akerman asserts in conclusory fashion that only basic facts about his employment with Diné are relevant, (*see* ECF No. 93 at 4), but Akerman does not get to decide unilaterally what is relevant. The Court will rule on any relevance objections if and when any responsive materials are filed with the Court. For now, the record confirms the subpoena covers matters subject to reasonable discovery requests. Because Akerman has not established that the subpoena is overbroad or otherwise improper, his motion to quash is denied.

Akerman also seeks a stay of discovery pending the outcome of his appeal of the Court's denial of his motion for preliminary injunction. (ECF No. 94.) He argues that a stay is warranted for eight reasons, none related to that appeal. (*See id.* at 1–2.) Akerman asserts that "[t]he Seventh Circuit's ruling may directly impact the scope of discovery or eliminate the need for further discovery altogether." (*Id.* at 6.) This is utterly speculative and likely incorrect. Whether the Seventh Circuit affirms the Court's decision or reverses, this matter will remain before the Court for adjudication on the merits. Akerman's appeal has no relation to the scope of discovery and he has provided no cause to justify a stay of discovery. Accordingly, his motion to stay is also denied.

The Court has repeatedly cautioned Akerman not to clutter the docket with unnecessary filings, (ECF Nos. 49, 61, 81), and its warnings continue to go unheeded. This is Akerman's **final** warning. If he continues with unnecessary and meritless filings, the Court will be forced to impose sanctions, up to and including dismissal of this action with prejudice. *See United States ex rel Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."); *see also Omegbu v. Milwaukee County*, No. 05-C-596, 2008 WL 220342 (E.D. Wis. Jan. 25, 2008) (warning *pro se* plaintiff that continued repetitive filings "may result in the imposition of sanctions, up to an including dismissal of this action with prejudice"). The Court reminds Akerman that he filed this lawsuit, in this Court, and forced Northwestern Mutual to defend against his claims. If he does not desire to litigate this case, he may move for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash or Modify Subpoena, ECF No. 93, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Discovery Pending Appeal, ECF No. 94, is **DENIED**.

Dated at Milwaukee, Wisconsin on April 4, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge