UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARTIN AKERMAN,

Plaintiff,

Case No. 24-cv-0152-bhl

v.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

Defendant.

## ORDER ENFORCING SETTLEMENT AND DISMISSING CASE

In this lawsuit, Plaintiff Martin Akerman, proceeding *pro se*, alleges that Defendant Northwestern Mutual Life Insurance Company breached the terms of his life insurance policy when it denied his claim for a disability waiver of his premium payments. (ECF No. 1.) The case has been plagued by constant bickering over minor issues, unnecessary motion practice, and several meritless appeals by Plaintiff. On April 21, 2025, the parties engaged in mediation before Magistrate Judge Nancy Joseph in the hopes of resolving their dispute. The mediation resulted in a settlement, which the parties documented on the record but with express intention of memorializing their deal in a more fulsome formal written agreement. (ECF No. 96.) Upon learning that the mediation was successful, the Court gave the parties thirty days to complete their documentation and to file either a stipulation of dismissal or a status report explaining their inability to file such a stipulation. (ECF No. 97.) Unfortunately, the unnecessary bickering has not ended.

On the day the parties were required to finalize their deal, they made separate filings with the Court. Akerman filed a motion to extend by 30 days the time to file a stipulation of dismissal, citing ongoing disagreements over proposed language in the parties' draft settlement agreement, including his concerns that the release not interfere with litigation he has filed against third parties. (ECF No. 102.) Northwestern Mutual filed a status report explaining its opposition to any extension and asking the Court to enforce the settlement based on the terms reached at mediation. (ECF No. 99.) Northwestern Mutual explains that it has provided five different drafts of the

settlement agreement, adjusting the language to address Akerman's concerns.  In the end, the Court will adopt Northwestern Mutual's approach, order the parties to comply with the settlement terms agreed to at the mediation, and dismiss the case.

This Court has inherent authority to enforce an agreement to settle a case pending before it.  *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995) (collecting cases).  Any issues related to whether a settlement contract was formed, the construction of its terms, and its enforcement are governed by state contract law.  *Beverly v. Abbott Lab'ys*, 817 F.3d 328, 333 (7th Cir. 2016) (citing *Sims-Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 448 (7th Cir. 2004)).  Under Wisconsin law, a settlement agreement is enforceable if it is made in court and entered in the minutes or made in writing and signed by the parties to be bound or their attorneys.  Wis. Stat. §807.05.  Both statutory options are satisfied here.  Judge Joseph docketed court minutes confirming that the mediation had resulted in a resolution of Plaintiff's claims.  (ECF No. 96.)  Northwestern Mutual has also provided the Court with a copy of a writing signed by the parties at the mediation setting forth the material terms of the settlement.  (ECF Nos. 99-2.)[1]

Akerman does not contest the enforceability of the settlement agreement but contends that the current draft of the final settlement agreement expands the scope of the settlement beyond the terms agreed to at mediation.  (ECF No. 105 at 3–4.)  Specifically, Akerman objects to Northwestern Mutual's proposed release terms and confidentiality provision as being too broad.  (*Id.* at 3.)  He also argues that the proposed agreement "[l]imits dismissal to two cases, leaving others unclear."  (*Id.* at 4.)  The Court will not enter the parties' foray over what specific wording should be used to document their agreement because resolving that issue is at this time unnecessary.  It is undisputed that the parties have agreed to resolve *the dispute before this Court* and are in agreement on the material terms of that resolution.  Any claims between the parties and their privies that have been or could have been raised in this lawsuit are resolved through this settlement.  Any remaining issues over the final wording, including the language used to express the scope of the release, are immaterial and, at best, theoretical.  The Court will simply order the

---

[1] Northwestern Mutual has moved to seal documents reflecting the confidential terms of the settlement.  (ECF No. 98.)  Akerman did not initially oppose the motion, (ECF No. 105 at 2), but now does, (ECF No. 111 at 2–4).  A settlement agreement becomes part of the public record when a party asks a federal court to interpret and enforce the agreement notwithstanding any confidentiality provision contained within the agreement.  *Herrnreiter v. Chi. Hous. Auth.*, 281 F.3d 634, 636–37 (7th Cir. 2002).  Given the parties' ongoing dispute over the settlement and Northwestern Mutual's request that the Court weigh in on that dispute, the Court concludes that the settlement cannot be shielded from the public record.  Accordingly, the motion to seal is denied.

parties bound by the written terms they signed at the mediation, without the need for any further documentation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Martin Akerman's Motion for Extension of Time, ECF No. 102, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Northwestern Mutual's request to enforce the parties' settlement agreement is **GRANTED**. The parties are hereby bound by the terms of the agreement signed by the parties at mediation on April 21, 2025. Akerman's claims and this case are **DISMISSED with prejudice** and without costs to either party. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Northwestern Mutual's Motion to Seal, ECF No. 98, is **DENIED**.

Dated at Milwaukee, Wisconsin on July 24, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge